# EXHIBIT 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | ) ) ) ) ) ) )  Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Fast Company

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP  51 Madison Ave., Fl. 22, New York NY 10010 | Date and Time: 08/23/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Shervin Pishevar, who issues or requests this subpoena, are:

Lucas Bento, 51 Madison Ave., Fl. 22, New York, NY 10010, lucasbento@quinnemanuel.com, Tel: 212-849-7552

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-mc-00370-JGK-SDA   Document 4-2   Filed 08/06/19   Page 3 of 17

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-mc-00370-JGK-SDA   Document 4-2   Filed 08/06/19   Page 4 of 17

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. _____. |

ATTACHMENT A

The United States District Court for the Southern District of New York has authorized Petitioner to serve this subpoena on you in support of foreign proceedings in the United Kingdom.

DOCUMENT REQUEST

**DOCUMENT REQUEST NO. 1.**

All Documents and Communications in your possession, custody or control relating to the Forged Police Report, including any information sufficient to identify the identity and location of the Report Author and any other distributor of the Forged Police Report.

**INSTRUCTIONS**

1. This Request extends to all Documents in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf. A Document is in your possession, custody, or control if it is in your physical custody or if it is in the physical custody of any person and you (i) own such Document in whole or in part; (ii) have a right (by contract, statute, or otherwise) to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may use, inspect,

1

examine, or copy such Document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when you sought to do so.

2. If you know the location of any requested Document and do not produce the Document on the ground that the Document is not in your possession, custody, or control, you shall identify the Document and identify the person who you believe has possession, custody, or control of the Document.

3. If you are unaware of the existence of any Documents responsive to a particular Request, your response should expressly indicate so.

4. The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same that bear any mark or notation not present in the original or that otherwise differ from the original.

5. All Documents shall be produced in their entirety without redaction (other than redactions for privilege) and should include all attachments and enclosures. Documents that are attached to each other or are in the same family should not be separated.

6. You must state whether you will produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Request.

7. The response to this Request shall state, with respect to each item or category, that production will be made or inspection will be permitted as requested, unless the Request is objected to, in which event the reason(s) for objection shall be stated.  If objection is made to part of this Request, the part shall be specified; Documents responsive to the remainder of the Request shall be produced.  Any such objection shall not extend the time within which you must otherwise respond to this Request to which no specific objection has been made.

8. With respect to any Documents or information withheld on a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege, you shall provide an express statement of the asserted privilege that includes the following information: (i) the applicable date; (ii) the identity of the author(s), including (but not limited to) the business or legal title(s) or position(s); (iii) the identity of the recipient(s), including (but not limited to) business or legal title(s) or position(s); (iv) the subject matter of the Document; (v) the identity of all other persons who received copies; and (vi) the specific factual basis of the claimed privilege or other protection from discovery.

9. The use of the singular form of a noun includes the plural form, and vice versa, including defined terms.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

11. The terms "each," "any," and "all" shall be construed to mean "each and every."

12. In responding to any of this Requests, if you encounter any ambiguity in construing either the Requests or a definition or instruction, set forth the matter deemed ambiguous and the construction used in answering the Request. This Request is to be liberally construed, and you should resolve any doubts about whether a Document is responsive to this Requests in favor of production.

13. This Request shall be deemed continuing in nature, and supplemental responses and document production are required if you, directly or indirectly, obtain further information after its initial responses and document production.

14. The date range for this Request shall be the period beginning with the first

communication with the Report Author and continuing through the time of the publication of the Smear Campaign Article on November 11, 2018 until present.

**DEFINITIONS**

1. "**Communication**" means any conveyance of information by any means, including but not limited to in writing, via email, via instant messaging software, or via telephone. Where a Communication is via telephone, you should produce Documents such as telephone records sufficient to show the occurrence of the Communication.

2. "**Document**" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular includes (but is not limited to) every writing or record of every type and description, including letters, correspondence, diaries, memoranda, tapes, electronic data or storage, stenographic or handwritten notes, studies, publications, books, data, pamphlets, pictures, films, video recordings, reports, financial statements, ledgers, applications, emails, screenshots, instant messages, platform-mediated messages, social media messages, and text messages, or however produced or reproduced, in your possession, custody, or control. "Document" also includes all copies and drafts of every writing or record when the copy or draft is not identical to the original. "Document" includes electronically-stored information.

3. "**Forged Police Report**" shall mean the purported "police report" referenced in the Smear Campaign Article.

4. "**Smear Campaign Article**" shall means the article entitled "'Smear Campaign' or not tech investor Shervin Pishevar really was arrested earlier this year," authored by Marcus Baram and published by Fast Company magazine on November 11, 2018 at URL <https://www.fastcompany.com/40493814/smear-campaign-or-not-tech-investor-shervin-

pishevar-really-was-arrested-earlier-this-year>.

5. "**Petitioner**" shall mean Mr. Shervin Pishevar.

6. **"Report Author"** is the individual or individuals that created and/or distributed the Forged Police Report.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | ) ) ) ) ) ) ) Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mansueto Ventures LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP  51 Madison Ave., Fl. 22, New York NY 10010 | Date and Time: 08/23/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Shervin Pishevar
, who issues or requests this subpoena, are:

Lucas Bento, 51 Madison Ave., Fl. 22, New York, NY 10010, lucasbento@quinnemanuel.com, Tel: 212-849-7552

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-mc-00370-JGK-SDA   Document 4-2   Filed 08/06/19   Page 11 of 17

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-mc-00370-JGK-SDA   Document 4-2   Filed 08/06/19   Page 12 of 17

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. _____. |

ATTACHMENT A

The United States District Court for the Southern District of New York has authorized Petitioner to serve this subpoena on you in support of foreign proceedings in the United Kingdom.

DOCUMENT REQUEST

**DOCUMENT REQUEST NO. 1.**

All Documents and Communications in your possession, custody or control relating to the Forged Police Report, including any information sufficient to identify the identity and location of the Report Author and any other distributor of the Forged Police Report.

**INSTRUCTIONS**

1. This Request extends to all Documents in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf. A Document is in your possession, custody, or control if it is in your physical custody or if it is in the physical custody of any person and you (i) own such Document in whole or in part; (ii) have a right (by contract, statute, or otherwise) to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may use, inspect,

1

examine, or copy such Document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when you sought to do so.

2. If you know the location of any requested Document and do not produce the Document on the ground that the Document is not in your possession, custody, or control, you shall identify the Document and identify the person who you believe has possession, custody, or control of the Document.

3. If you are unaware of the existence of any Documents responsive to a particular Request, your response should expressly indicate so.

4. The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same that bear any mark or notation not present in the original or that otherwise differ from the original.

5. All Documents shall be produced in their entirety without redaction (other than redactions for privilege) and should include all attachments and enclosures. Documents that are attached to each other or are in the same family should not be separated.

6. You must state whether you will produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Request.

7. The response to this Request shall state, with respect to each item or category, that production will be made or inspection will be permitted as requested, unless the Request is objected to, in which event the reason(s) for objection shall be stated.  If objection is made to part of this Request, the part shall be specified; Documents responsive to the remainder of the Request shall be produced.  Any such objection shall not extend the time within which you must otherwise respond to this Request to which no specific objection has been made.

8. With respect to any Documents or information withheld on a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege, you shall provide an express statement of the asserted privilege that includes the following information: (i) the applicable date; (ii) the identity of the author(s), including (but not limited to) the business or legal title(s) or position(s); (iii) the identity of the recipient(s), including (but not limited to) business or legal title(s) or position(s); (iv) the subject matter of the Document; (v) the identity of all other persons who received copies; and (vi) the specific factual basis of the claimed privilege or other protection from discovery.

9. The use of the singular form of a noun includes the plural form, and vice versa, including defined terms.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

11. The terms "each," "any," and "all" shall be construed to mean "each and every."

12. In responding to any of this Requests, if you encounter any ambiguity in construing either the Requests or a definition or instruction, set forth the matter deemed ambiguous and the construction used in answering the Request. This Request is to be liberally construed, and you should resolve any doubts about whether a Document is responsive to this Requests in favor of production.

13. This Request shall be deemed continuing in nature, and supplemental responses and document production are required if you, directly or indirectly, obtain further information after its initial responses and document production.

14. The date range for this Request shall be the period beginning with the first

3

communication with the Report Author and continuing through the time of the publication of the Smear Campaign Article on November 11, 2018 until present.

**DEFINITIONS**

1. "**Communication**" means any conveyance of information by any means, including but not limited to in writing, via email, via instant messaging software, or via telephone. Where a Communication is via telephone, you should produce Documents such as telephone records sufficient to show the occurrence of the Communication.

2. "**Document**" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular includes (but is not limited to) every writing or record of every type and description, including letters, correspondence, diaries, memoranda, tapes, electronic data or storage, stenographic or handwritten notes, studies, publications, books, data, pamphlets, pictures, films, video recordings, reports, financial statements, ledgers, applications, emails, screenshots, instant messages, platform-mediated messages, social media messages, and text messages, or however produced or reproduced, in your possession, custody, or control. "Document" also includes all copies and drafts of every writing or record when the copy or draft is not identical to the original. "Document" includes electronically-stored information.

3. "**Forged Police Report**" shall mean the purported "police report" referenced in the Smear Campaign Article.

4. "**Smear Campaign Article**" shall means the article entitled "'Smear Campaign' or not tech investor Shervin Pishevar really was arrested earlier this year," authored by Marcus Baram and published by Fast Company magazine on November 11, 2018 at URL <https://www.fastcompany.com/40493814/smear-campaign-or-not-tech-investor-shervin-

pishevar-really-was-arrested-earlier-this-year>.

5. "**Petitioner**" shall mean Mr. Shervin Pishevar.

6. **"Report Author"** is the individual or individuals that created and/or distributed the Forged Police Report.